**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 2 6 2022

TAMMY H. DOWNS, CLERK
By: _____ DEP CLERK

FORM TO BE USED BY PRISONERS IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
Central _____ DIVISION

CASE NO. 4:22-cv-01036-LPR-PSH

Jury Trial: ☒ Yes  ☐ No
(Check One)

1.    Parties

In item A below, place your <u>full</u> name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.

A.    Name of plaintiff: RAHMAN X.
ADC # 90163

Address: Po Box 600 Grady, Ark. 71644

Name of plaintiff: _____
ADC # _____

Address: _____

Name of plaintiff: _____
ADC # _____

Address: _____

In item B below, place the <u>full</u> name of the defendant in the first blank, his official position in the second blank, his place of employment in the third blank, and his address in the fourth blank.

B.    Name of defendant: Dexter Payne

Position: Director

Place of employment: Arkansas Dept. of Corr. (A.D.C.)

Address: Po Box 8707, Pine Bluff, Ark. 71611

Name of defendant: James Gibson

Position: Warden

Place of employment: Ark. Dept. of Corr (A.D.C.)

Address: Po Box 600 Grady, Ark. 71644

This case assigned to District Judge Rudofsky
and to Magistrate Judge Harris

1

Name of defendant: Brandon Carroll

Position: Deputy Warden

Place of employment: Ark. Dept of Corr. (A.D.C.)

Address: Po Box 600 Grady, Ark. 71644

Name of defendant: Floyd Washington

Position: Classification Officer

Place of employment: Ark. Dept of Corr. (A.D.C.)

Address: Po Box 600 Grady, Ark. 71644

Name of defendant: Joseph Mahoney

Position: Major

Place of employment: Ark. Dept of Corr (A.D.C.)

Address: P.o Box 600 Grady, Ark. 71644

II.    Are you suing the defendants in:

☐    official capacity only
☐    personal capacity only
☑    both official and personal capacity

III.    Previous lawsuits

A.    Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes ___    No ✓

B.    If your answer to A is yes, describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

☐    Parties to the previous lawsuit:

Plaintiffs: _____

_____

Defendants: _____

_____

☐    Court (if federal court, name the district; if state court, name the county):

_____

☐    Docket Number: _____

☐    Name of judge to whom case was assigned: _____

☐    Disposition: (for example: Was the case dismissed?  Was it appealed?  Is it still pending?) _____

☐    Approximate date of filing lawsuit: _____

☐    Approximate date of disposition: _____

IV.    Place of present confinement: _Varner Super Max Facility_

_____

V.    At the time of the alleged incident(s), were you:
(check appropriate blank)

_____ in jail and still awaiting trial on pending criminal charges

__✓__ serving a sentence as a result of a judgment of conviction

_____ in jail for other reasons (e.g., alleged probation violation, etc.)
explain: _____

_____

VI.    The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, requires complete exhaustion of administrative remedies of all claims asserted, prior to the filing of a lawsuit.  There is a prisoner grievance procedure in the Arkansas Department of Correction, and in several county jails.  Failure to complete the exhaustion process provided as to each of the claims asserted in this complaint may result in the dismissal without prejudice of all the claims raised in this complaint.

A.    Did you file a grievance or grievances presenting the facts set forth in this complaint?

Yes _✓_    No ____

B.    Did you completely exhaust the grievance(s) by appealing to all levels within the grievance procedure? _See attached herein._

Yes __✓__ No ____

If not, why? _____

_____

VII.    Statement of claim**s :**   ___INTRODUCTION___

State here (as briefly as possible) the _facts_ of your case.  Describe how each defendant is
involved.  Include also the names of other persons involved, dates, and places.  Do not give
any legal arguments or cite any cases or statutes.  If you intend to allege a number of related
claims, number and set forth each claim in a separate paragraph.  (Use as much space as you
need.  Attach extra sheets if necessary.)

This is a Due Process and Retaliation claim in which the 14th Amendment of the U.S. Constitution and the 8th Amendment have both been violated.

In 1996 I was convicted of Capital Murder for killing an A.O.C. prison guard. (Scott Grimes) I spent the next 25 ½ years on death row. In 2022 the 8th Circuit Court of appeals vacated my death sentence.

On June 6th 2022 I was moved from death row to the restrictive housing area of the Varner Super Max facility and shortly thereafter the Due Process Violations and Retaliation began.

Before I outline the specifics of my claims it is of VITAL IMPORTANCE that this Court be made aware of the conditions of my confinement and the

circumstances in which I'm being confined. I cannot stress enough the importance, I beg this Court to put forth while understanding exactly what is going on.

To be clear, I am currently being held in conditions that are substantially more harsh and restrictive than those even on death row.

The ADC has avoided accountability in previous lawsuits of this nature and been allowed to continue operating in an unconstitutional manner, I pray that stops now.

In Lewis v Kelley 2016 WL 8257678 The (then Director of ADC) Wendy Kelley told this Court a lie in order to minimize the severity of the conditions of the Varner Super Max (VSM). In the recorded record @7 Director Kelley states "UNLIKE OSP, VSM INMATES ARE NOT PROHIBITED FROM CONVERSING ...."

That is an intentional lie, please see attached "Exhibit A" (Varner Super Max Inmate Handbook / Rules) The very 1st rule "No standing in the cell door yelling, TALKING TO OTHER INMATES, or creating unnecessary noise."

It is rule #1.

In Onstad v Kelley 2018 WL 10014881 the inmate Onstad perfectly and clearly outlined the conditions and restriction being utilized at the V.S.M. facility (i.e. 23 hrs a day total lockdown w/ no human contact, one hour a day out of his cell in shackles and handcuffs, limited commissary, no religious services, or work or educational opportunities along with limited access to phone and visitation.)

In response to Onstads claim Warden Gibson stated the following @ *2 "VARNER UNITS AD SEG CELLS ARE PHYSICALLY LOCATED IN THE VSM BUILDING, AND THAT AN AD SEG ASSIGNMENT DIFFER FROM AN ASSIGNMENT TO THE VSM 18-MONTH BEHAVIOR MODIFICATION PROGRAM."

In doing so Warden Gibson misled this Court to believe that the conditions as described by Onstad were only applicapble to the 18-month behavior modification program .... and that is simply untrue.

The conditions here at VSM are identical to those found in WILKINSON v AUSTIN 545 US 209. The Supreme Court of the United States established a precedent when ruling on the WILKINSON, case in that it when a state operates a single facility as a SUPERMAX and the conditions are as they were in that case, than the state must afford the inmates the minimum due process protections of 24 hr written notice prior to a hearing, a fair and impartial hearing in which the inmate can present documentary evidence and make a statement, and a written statement after the hearing outlining the reasons for assignment.

Every since 2005 the ADC has been disregarding this binding precedent and operating their Super Max facility w/out assuring an inmates due process protections are seen to and they been avoiding accountability in the Court system thru lies and deceptions as I've just outlined above.

The ADC knows they are in violation of the law because their policy AD 2021-15 (Restrictive Housing) mirrors the Wilkinson, requirements as set forth by the Supreme Court.

The ADC policy requires 24 hrs prior written notice, a fair and impartial hearing and a result sheet just like the High Court outlined in _Wilkinson_, yet none of these things are happening.

The ADC is operating their restrictive housing section in a manner significantly more harsh and restrictive than even death row and I would venture to say that in and of itself ought to qualify as an atypical and significant hardship from the normal incedents of prison life as outlined in _Sandin v Conner 515 US 472_.

I will outline the conditions as are applied to me now at the VSM, restrictive housing compared to those on death row so the court can really see how harsh and restrictive they are. I am confined to a single man cell 24/7, it has a box car style solid door with an additional metal plate welded at the bottom to prevent any contact, or communication with other humans (death row has bar doors that allow for face to face interactions with staff and a little sense of freedom.) when I am allowed out of the cell for 1hr a day it is only to be moved from an indoor cell to an outdoor cell that is solid concrete and has had the roof raised in order to allow fresh air but there is still absolutely zero human contact or interaction nor is there any sunlight ever allowed into the cell. My shower is in my cell, my meals are brought to my cell and even then they are placed in a metal box (i.e. bread box) that has been attached to the outside of my door so that the officer can place the food in it and then slide open another slide so I can reach out and get my food after they are gone. (on death row I was fed face to face by staff, either thru the bar door or a simple food slot (i.e. bean trap)). There is absol-utely zero opportunty for religious service on restrictive

7

housing. (On death row I was afforded twice weekly church services.) On restrictive housing the limited visitation opportunities that we are offered are only virtual, via video visitation and or once weekly non-contact held thru a plexi-glass windowed booth. (On death row we were allowed contact visits.) The phone is only made available on restrictive housing three times a week. (On death row it was available seven days a week.) There is zero work opportunities or educational programs on restrictive housing. My current commissary purchase for food and hygiene products is limited to $10$^{oo}$ per week. (On death row I could spend 100.$^{oo}$) On death row I provided hobby craft opportunities, weds night inmate counsel meals, I had a personal T.V. in my cell with a remote to change channels and photo opportunities.

My point only being that VSM restrictive housing is not only an atypical and significant hardship from the ordinary incedence of prison life, but restrictive housing makes death row seem like a cake walk. I do not wish to suggest that I'd rather be on death row, but I think it is so important that this Court be aware that there is no difference between the OSP (Ohio Supermax Prison) that the Supreme Court ruled on in <u>Wilkinson v Austin 545 US 209</u> and the VSM (Varner Super Max) which is at issue now.

Not only are all the restrictive measures identical, (and contrary to director Kellys previous statement) in some instances even harsher. Prior to Warden Gibsons previous statement these conditions are applied to Restrictive

Housing as well as the 18-month program, and contrary to prior false claims by the ADC personell our assignment to restrictive housing is indefinent and makes otherwise eligable inmates uneligable to make parole.

As per ADC policy and inmate must be Class II or I in order to make parole, yet while an inmate is housed on restrictive housing he is uneligable for recieving class or earning goodtime. (See AD 2022-12 Inmate Dis. Man.)

I've attached "EXHIBIT B" a copy of a grievance I wrote seeking my class upgrade and was told "Per AD 2022 No.. inmate on restrictive housing"

I've also attached as "EXHIBIT C" a sworn to state-ment from inmate K. Cole #109056 that the in house parole officer just told him until he gets off of restrictive housing and can obtain his Class II that his parole hearing would be deferred.

With the restrictive conditions outlined, the admin-istrations lies and untruths exposed, along with it shown that assignment is indefinate and that otherwise eligable inmates are being prevented from making parole the court must recognize at this point, that to Ignore the Liberty Interest established would be to ignore the Supreme Courts decision in WILKINSON V AUSTIN id.

## ISSUE 1: DUE PROCESS:

After spending 25 ½ yrs on death row in total isolated housing I was transfered to an area in the Varner SuperMax known as Restrictive Housing which is substantially

more restrictive and isolated than death row. Per ADC policy 2021-15 "Restrictive Housing" and the 2005 Supreme Court decision in WILKINSON v AUSTIN 545 US 209 wherever there is a protected liberty interest at stake, there is minimum Due Process protections to be afforded.

   a) Written notice atleast 24 hrs prior to a hearing

   b) a fair and impartial hearing in which the inmate can make a statement and present documentary evidence

   c) A written statement as to why the inmate was assigned.

I was assigned to Restrictive Housing without any of my Due Process protections being afforded. Not a single one.

   Because the conditions at VSM are identical to those described in WILKINSON id (as described previously herein) the Courts ruling demands I recieve these minimums to make my assignment legal.

   Due to my previous 25½ yrs being spent in total isolation, prior to my death sentence being vacated the fact that I'd face an assignment significantly more harsh than what I'd endured for 25½ years on death row is sufficent to satisfy the ATYPICAL AND SIGNIFICANT HARDSHIP requirement as outlined in "Sandin v Conner 515 US 472"

   When the conditions of confinement are considered along with the lenght of my time already spent in total isolation on death row I'm certain the Court will agree that there could hardly be a situation presented in which the DUE PROCESS protections would be more necessary.

   Yet not a single protection was afforded nor did the administration offer any type of reason or

justification as to why both their own policy and the Supreme Court decision were ignored.

On <u>June 6th</u> I was moved off of death row and (VSM Cb 4-09) into restrictive housing (VSM Cb 3-17)

On <u>June 8th</u> classification officer <u>**Flora** Washington</u> came to my cell door along w/ <u>Major Joseph Mahoney</u> and a couple unknown ADC employees and as they approached Mrs. Washington asked "How I was doing?" before I even responded Major Mahoney stated "I'm going to assign him" and he made some type of notation on the clipboard he was carrying, as they walked away from my cell.

Approx. one week later on <u>June 14th</u> at around 9:00 am two uniformed ADC personell approached my cell door and ordered me to submit to restraints thru the food trap of my cell door. I complied by placing my hands behind my back and backing up to the trap where they reached in and cuffed me up behind my back. Upon my cell door opening I was then ordered to face the wall and leg irons and a short chain were also attached to my body so I could be escorted approx 50 feet to a small office on the far side wall of cell block 3. In the office was <u>Warden J. Gibson</u>, <u>Deputy Warden B. Carroll</u>, Classification Officer F. Washington, and two unknown ADC employees in plain clothing. While Major J. Mahoney stood sentry on the left side of the doorway that I was led to. Mrs. Washington asked me state my name and ADC number. Before I even stated my full name, Warden Gibson interupted me by stating " I KNOW WHO YOU ARE, YOU ARENT GOING TO POPULATION" and with that I was dismissed

and escorted back to my cell. The entire time out of my cell was approx. 90 sec. and I was in front of the committee for 5 to 10 literal seconds. Any suggestion that I was given any type of a hearing, much less a fair and or impartial hearing in which I was allowed to make a statement or present documentary evidence is 100% false.

Not only was I unaware of what I was being taken from my cell for (and thus totally unprepared to make a statement or present documentary evidence) even had I been given prior notice and been prepared it would have been in vain due to the nature of the events that unfolded. To be clear my claim is not that my statement and or evidence were dismissed without proper consideration, my sworn to statement is that at this approx. 5 second SHAM "hearing" I was literally shut down while stating my name and prior to even reciting my ADC number, by Warden Gibson and after his statement "I know who you are, you're not going to population" the "proceeding" was over. I'm not even certain who, how or why everyone there was all aware that at immediately after Warden Gibsons statement ended, the "hearing" was also concluded but literally upon his statement ending my two escorting officers were in motion to remove me from the door way and place me back into my cell.

I think it is relevant to call attention to a previous claim filed ONSTAD v KELLEY 2018 WL 10014881 in which inmate Onstad complained of a similar "Sham Hearing" in which he stated almost identical circumstances with Warden Gibson stating "I have history with this one, lock

12

him up." In that case the administration avoided account-ability by decieving this Court into believing that the conditions described by Onstad were not being applied thru-out the entire VSM (which was and is intentionally misleading) even though they were.

The administrations successes they've accumulated by defeating inmate claims in this Court thru lies and misdirection have impowered them to completly ignore their duties to assure that the due process protections are being honored. It also seems that Warden Gibson is establishing a pattern of conducting "SHAM" hearings that have no actual substance but are held simply to establish a paper trail so it can later be claimed that they are in fact holding due process proceedings when in fact they are not.

After nearly a week without any interaction or update on my status, I inquired about such thru the unit request system (i.e. Request for interview) and was informed that I had been indefinitly assigned to Restrictive Housing and as far as they were concerned the process was complete and my assignment was finalized. I sought some type of result sheet or an explanation as to what I had done or the reason for my assignment....to no avail.

The bottom line is that I've been illegally assigned to restrictive housing because the ADC administration is angry that the 8th Circuit Court of Appeals vacated my death sen-tence for the murder of an ADC guard in 1996.

As I was the first inmate to ever be convicted of taking the life of an ADC employee while in the line of duty

I'm also the first inmate to get off of death row that the system had a vested interest in seeing executed. Given an actual opportunity to present the facts of my sit--uation to a fair and impartial committee there would be absolutely no reason for any unbiased analyzer of the facts to suggest continued segregation. I'm a 52 yr old follower of Islam that hasn't committed an act of violence since I was 27 yrs old. I had accepted my sentence long ago as a fore--gone conclusion so this second chance at life is obviously a blessing from Allah and any outside observer unassociated with the ADC would confirm that my new found freedoms and the actions associated with such show a pattern of repentance and rehabilitation that could almost be called the behaviors of a "model inmate", unless and except if one only focuses on my original crime instead of my behavior since then.

I'm only asking for what the ADC policy clearly outlines I be given. I merely seeking to uphold Supreme Court precedent and be assigned according to my current circumstances instead of for a crime I committed what would almost be called a life time ago, and or if I am to be continuously held under the most extreme conditions that we find at any prison system in the U.S. then justice demands that the 14th Amendment be recognized and the DUE PROCESS protections be adhered to.

Not only was I never given written notification of an upcoming hearing, I was certainly given **no** opportunity to make a statement or present documentary evidence at the "SHAM" that has been recorded as my classification hearing and to this day despite several attempts and grievances written

I've yet to be given anytime of recorded statement as to why I've been assigned.

The total disregard for Due Process must be addressed. The ADC must be required to observe and follow the laws of our land if not their own policies while they purport to rehabilitate and promote law abiding behaviors.

## ISSUE 2: RETALIATION

Besides my obvious claim that I was assigned to restrictive housing for no logical reason that would stand on unbiased deciders scrutiny without a single due process protection being observed.

After over 25 yrs on death row with my APPROVED PHONE and VISITATION LIST being my only contacts to the free world and those that love and care for me, the ADC completly erased both w/out cause or reason.

Every single phone number and personal contact on my phone list was eliminated from my call list and I was instructed to re-establish my contacts by mailing individual visitation / phone approval forms to each and every individual and explain to them that in order to be able to communicate with them again that they'd need to re-apply thru the unit visitation clerk (Mrs. Mothershed) and wait on the approval process, as if they'd never before been in the system.

My visitation list was done the same way. So to be clear after over 25 yrs on death row, in which my loved ones spent every day with me I have not be able to call

nor visit any of my family or friends. I was unable to share the monumental decision of the 8th Circuit with any of my people except thru the mail and obviously several days after OUR LIVES WERE CHANGED.

Not only were all my contacts taken from me and was my family left in the dark as to what was going on it has now been over 4 months and even thou several of my family members have resubmitted all the proper forms not one single application has been approved.. mind you those same people were previously approved for the last two decades without any incident, now the ADC claims that I must also wait on Deputy Warden Carroll to find time to enroll me back into the system so that my family applications can be processed.

The day before the 8th Circuit decision came down I had transfered $50⁰⁰ to my pre paid phone account per ADC policy and without any reason or explanation that $56⁰⁰ has been taken from me w/ no recourse to have it returned.

Since being moved to restrictive housing I've been singled out so that my meals are served to me seperately from the inmates housed around me. While everyone elses food is served from a stainless steel food service cart that is equipped with warming systems and insulation in order to maintain proper serving tempatures, my food is brought to me on a plastic, open surface utility cart and usually an hour or two later than everyone else and long after the food fell below proper serving tempatures. While everyone else's food trays are picked up shortly after meal time and taken to be cleaned mine are left without fail until the

next meal (which is over 12 hrs between last chow and breakfast) which has me in a constant battle against an onslaught of ants and to a lesser degree mice and rats.

My commissary is left unattended in an unsecure box outside my cell door for hours after everyone elses has been delivered to them.

I've been taunted, threatened and verbally assaulted by numerous members of staff, from C.O.s to Captain's since being moved from death row. On several occassions I've been completly skipped when the officeis have conducted cell clean up and even the essentials such as soap and toilet paper have been taken from me or denied to me by spiteful staff members that seem to revel in antagonizing me and constantly harassing me.

If ever anyone has assumed that life of death row is a grim and torturous exsistence, I **challenge** that individual to see what awaits them if their death sentence is over turned against the wishes of the ADC.

Conclussion:

My only concern is that this court will allow the administration to utilize it's same old arsenal of half-truths, misdirections and outright lies in its attempt to misrepresent and minimize the current conditions and restrictive policies in order to seperate itself from the wilkinson v Austin decision, I only pray that I've done what needs to be done to emphasize the exact nature of things here at the VSM so that there can be no doubt

17

as to the protected liberty interest every individual has from being randomly and arbitrarily assigned to the Varner Super Max Restrictive Housing.

I've attached five seperate fully exhausted internal grievances about my due process failures and the administration has made no attempt to deny or excuse their failures and short comings, to the contrary they almost seem to sneer at my audacity to complain about their way of doing things. There will be no argument about what wasn't done to protect my due process protecters because they dont even pretend to have done them.

They can hardly distance themselves from the retaliation aspect of my claim because there is no other logical reasons for the abuses myself and my family have suffered as to the phone and visitation issue, much less the other injustices I'm dealt on a daily basis. They dont hide because they've become so complacent in there ability to avoid accountability by presenting the court with an untrue reality about what is going on around here.

My single goal is accountability for those whom have been allowed to operate watonly and the expense of the vunerable, untrained, uneducated criminals they've been tasked to rehabilitate and assist in becoming productive members of society, not just caged animals that are kept in the most extreme conditions simply because its convienant and requires less oversight by the administration.

The unique set of circumstances that led me to this juncture in life along with the two and a half

decades I've spent in total isolation have made me uniquely qualified to shine the light on what is being done here and give the Court multiple reasons to assert it's authority in order to make certain that the Constitution and all it's protections are being adhered to.

Please take the time to compare the <u>Wilkinson</u> id prison system line by line, condition by condition and you will see that to deny an inmates protected liberty interest here at VSM as to assignment is to totally ignore the Supreme Courts ruling in that **case.**

In the name of justice these reliefs are sought. The sheer number of suicides at VSM compared to else where ought to be enough to cause speculation as to how and why the basic safe guards are being ignored.

## P.L.R.A.

In order to avoid unnecessary Exhaustion issues at a later date. I have attached here in 5 fully exhausted internal grievances, individually outlining each aspect of the Due Process claim as well as the retaliation claim. All defendants have been named within and any claim of non-exhaustion is simply frivolous.

| VSM22-01357 | Due Process Protections |
| VSM22-01358 | Sham Proceeding |
| VSM22-01360 | Advanced Notification |
| VSM22-01594 | Result Sheet |
| VSM22-01618 | Retaliation |

VIII.   Relief

State briefly exactly what you want the court to do for you.  Make no legal arguments.  Cite no cases or statutes.

Accountability by all those who've intentionally denied my DUE PROCESS RIGHTS. Immediate release to general population or Out of State Transfer.

Injunction demanding that all inmates recieve the proper due process requirements prior to assignment to VSM Restrictive Housing DECLATORY JUDGEMENT, $10,000.00 in compensatory relief. $100,000.00 in punitive damages. Injunction against further retaliation Complete and total restoration of my phone / visitation list.

I declare under penalty of perjury (18 U.S.C. § 1621) that the foregoing is true and correct.

Executed on this 24 day of October, 2022.

_____

Mahmood X #90163

Signature(s) of plaintiff(s)

20

"EXHIBIT A"

## The below listed rules outline a general conduct of behavior standards expected of each inmate assigned to the Varner Unit Supermax (VSM).

◊   No standing in the cell door yelling, talking to other inmates, or creating unnecessary noise.

◊   No beating, kicking, pulling, jerking, etc. on cell doors.

◊   Do not open, or refuse to allow the cell trap door to be closed.

◊   Do not cover the light fixture, windows, doors, or walls with any objects.

◊   Inmate photo I.D.'s will not be placed in the window.

◊   Inmates will not possess property of another inmate.

◊   Cells must be kept clean and neat at all times.

◊   Inmates will keep all property in their personal property container.

◊   Clothing, bedding, linens, and/or any other issued or purchased items will be used for their originally intended/designed purpose and will not be altered/destroyed.

◊   Beds will be made up by 7:00a.m. and remain made up until 6:00p.m. Monday thru Friday. On weekends and holidays beds will be made up by 9:00a.m. and remain made up until 6:00p.m.

◊   There will be nothing affixed, stuck, mounted, or placed on the cell, walls, doors, ceiling, windows, fixtures, etc..

◊   There will be no drawings on the cell walls, doors, ceilings, windows, fixtures, etc..

◊   No inmate will be in possession of gang related paraphernalia at any time.

◊   Verbal abuse and/or insubordination toward any individual will not be tolerated.

◊   Personal hygiene standards will be strictly enforced.

◊   Grooming standards will be strictly enforced. Profiling of beards, sideburns, etc. will not be tolerated.

◊   Inmates will not possess any items in excess of the authorized limits, such as writing materials, supplies, forms, photographs, clothing, linen, bedding, etc.

◊   Inmates will not stand on their toilets.

◊   Inmates will not participate in passing any items from one cell to another.

◊   Only one jumpsuit will be placed in a personal laundry bag at laundry call.

◊   Inmates will not cause damage to the inmate telephone and will return the telephone upon request.

## Controls and Privileges while in Restrictive Housing (continued)

◊   Commissary purchases will be limited to $10.00 weekly due to security requirements on staff in restrictive housing. Items not allowed include ice cream, razors, sharp objects, canned items, and other as designated in writing by unit policies. The purchase of a Radio is included in the $10.00 spending limit.

◊   Appropriate clothing is to be issued. Jumpsuits may replace pants/tops due to strings or belts necessary for pants and other security concerns.

◊   A reasonable amount of reading material and educational material approved by the Educational Department.

◊   Bedding is to be changed weekly and weekly laundry services are to be provided.

◊   Access to legal materials upon request and in accordance with unit policy.

◊   Access to attorney of record via legal mail and telephone.

◊   Inmates leaving or entering the restrictive housing unit must be thoroughly searched. They shall be escorted by two officers and under normal circumstances will be in restraints to and from their destination.

◊   This list of controls and privileges does not govern inmates serving punitive restriction, participating or assigned to Step-Down units, death row, and other special housing areas including Residential Programming Unit (RPU), infirmaries, and the hospital.

◊   Access to janitorial supplies for individual cell cleaning twice a week.

◊   Restrictive Housing inmates are personally observed by a correctional officer twice per hour, but no more than forth (40) minutes apart, on an irregular schedule. Inmates who are mentally disordered or who demonstrate unusual, bizarre, or self-injurious behavior receive more frequent observation as determined by a qualified mental health professional (minimal to constant); suicidal inmates are under continuous observation (directly or by monitored camera) while on treatment precautions. Observation shall be documented in a log.

# UNIT LEVEL GRIEVANCE FORM (Attachment I)

FOR OFFICE USE ONLY

GRV. # _____

Date Received: _____

GRV. Code #: _____

Unit/Center __VSM__

Name __Alvin Jackson__

ADC# __90163__    Brks # __317__    Job Assignment __M/H__

__10/11/22__ (Date) STEP ONE: Informal Resolution

_____ (Date) STEP TWO: Formal Grievance (All complaints/concerns should first be handled informally.) If the issue was not resolved during Step One, state why: _____

_____, (Date) EMERGENCY GRIEVANCE (An emergency situation is one in which you may be subject to a substantial risk of physical harm: emergency grievances are not for ordinary problems that are not of serious nature). If you marked yes, give this completed form to the designated problem-solving staff, who will sign the attached emergency receipt. In an Emergency, state why: _____ N/A

*Is this Grievance concerning Medical or Mental Health Services?* __N/A__ *If yes, circle one: medical or mental*

**BRIEFLY** state your one complaint/concern and be specific as to the complaint, **date**, place, name of personnel involved and how **you** were affected. (Please Print): As of Sept. 1st, 2022 I Have Been Eligible To Recieve My Class 1-C upgrade. I Have Written Request To Classification Officer Mrs. Washington Seeking A Resolution To This Problem But I Have Not Recieved A Response. Please Make Sure That I Am Placed On The Next Classification List In Order To Assure That I Recieve My Class As Per Policy. I've Been Disciplinary Free And In Compliance With All (VSM) Unit Rules And Regulations So There Is no Reason For This AbDelay.

# 90163

Alvin Jackson                    Oct. 11Th, 2022

Inmate Signature                    Date

*If you are harmed, threatened because of your use of the grievance process, report it immediately to the Warden or designee.*

## THIS SECTION TO BE FILLED OUT BY STAFF ONLY

This form was received on __10-11-22__ (date), and determined to be **Step One** and/or an Emergency Grievance _____ (Yes or No) This form was forwarded to medical or mental health? _____ (Yes or No) If yes, name of the person in that department receiving this form: _____ Date __10-11-22__

__T. Thompson__    __14945__    __T. Thompson__    __10-11-22__
PRINT STAFF NAME (PROBLEM SOLVER)    ID Number    Staff Signature    Date Received

Describe action taken to resolve complaint, including **dates**: I forwarded this inform — I have not yet recieved an response. Per Mrs. Williams response on 10/18/22 — Per AD 2022 No inmate on Restrictive Housing

Staff Signature & Date Returned __Thompson 10/18/22__ Inmate Signature & Date Received _____

This form was received on _____ (date), pursuant to **Step Two**. Is it an Emergency? _____ (Yes or No).

Staff Who Received Step Two Grievance: _____ Date: _____

Action Taken: _____ (Forwarded to Grievance Officer/Warden/Other) Date: _____

If forwarded, provide name of person receiving this form: _____ Date: _____

------------------------------------------------------------

**DISTRIBUTION: YELLOW & PINK** - Inmate Receipts; **BLUE** - Grievance Officer; **ORIGINAL** - Given back to Inmate after Completion of Step One and Step Two.

ADCF-15    www.acicatalog.com

# DECLARATION

Under penalty of perjury (18 U.S.C. § 1621) I swear the following in truthful.

I ___Jonathan Cole___    ADC# 109056

to hereby swear:  On Friday, September 30th 2022, the Parole lady came to my door and had me sign my parole papers. She informed me that I would not be able to make parole until I got class 2 or 1. I asked her how I was supposed earn my class, since Varner Super Max classification no longer allows inmates on Restrictive Housing to earn class. She told me she did not know, and repeated that I had to earn class 2 or 1 to go home.

Further Affiant says not.

Jonathan K. Cole
Varner Super Max
10-20-22

EXHIBIT D "

STATE OF ARKANSAS                           )
                                            ) §
COUNTY OF ___Lincoln___                     )

### AFFIDAVIT

I, __Alan Cole Onstad #128493__, after first being duly sworn, do hereby swear, depose and state that: __On June 8th 2022 I was being housed at Varner Super Max cell 318 and I seen Mrs. Washington, Major Mahoney and a few other staff members approach cell 317 (which houses Alvin Jackson / Rahman X #90163) and after approx 5 seconds Major Mahoney stated "I'm assigning him"__

__After Major Mahoney made that statement they all walked away while writing something on their clipboards.__

_____

_____

_____

I further swear that the statements, matters and things contained herein are true and accurate to the best of my knowledge, information and belief.

__6/10/22__
DATE

A. Cole Onstad #128493
AFFIANT        VSM 318

SUBSCRIBED AND SWORN TO BEFORE ME, a Notary Public, on this __7__ day of __July__, 20__22__.

_____
NOTARY PUBLIC

My Commission Expires: __10-24-2024__

WILLIE RYAS
NOTARY PUBLIC-STATE OF ARKANSAS
LINCOLN COUNTY
My Commission Expires 10-24-2024
Commission # 12484212

24

**UNIT LEVEL GRIEVANCE FORM** (Attachment I)

Unit/Center _____

Name _Alvin Jackson_

ADC# _90163_    Brks # _317_    Job Assignment _MH_

JUN 21

FOR OFFICE USE ONLY

GRV. # _VSMTZ-01357_

Date Received: _7.11.22_

GRV. Code #: _203_

W/C

3/A

_6/14/22_ (Date) STEP ONE: Informal Resolution

_6/29/22_ (Date) STEP TWO: Formal Grievance (All complaints/concerns should first be handled informally). If the issue was not resolved during Step One, state why: _My due process protections were not afforded to me during assignment._

_____, (Date) EMERGENCY GRIEVANCE (An emergency situation is one in which you may be subject to a substantial risk of physical harm: emergency grievances are not for ordinary problems that are not of serious nature. If you marked yes, give this completed form to the designated problem-solving staff, who will sign the attached emergency receipt. In an Emergency, state why: _____

Is this Grievance concerning Medical or Mental Health Services? _N/A_ If yes, circle one: medical or mental **BRIEFLY** state your one complaint/concern and be specific as to the complaint, date, place, name of personnel involved and how you were affected. (Please Print) _On June 6th I was realsed from death row and the following people; DEXTER PAYNE, DALE REED, JAMES GIBSON, BRANDON CARROLL, FIONA WASHINGTON, JOSEPH MAHONEY and any and all John or Jane Doe Employees that had anything to do with the assignment process, All Illegally assigned me to long term restrictive housing without following the due process protections promised to me by both the United States Supreme Court in WILKINSON V AUSTIN, 125 S Ct 2384, the U.S. CONSTITUTION and Ark. Dept of Corr. AD 2021-15 "Restrictive Housing"_
_On June 8th Major Mahoney stepped by my cell door 3-17 (with Fiona Washington and a couple of employees) and Mahoney stated "I'm gonna assign him" Then on June 14th in a Sham proceeding that lasted approx. 5 seconds I was taken in front of Warden Gibson who simply stated "I know who you are, You're NOT GOING TO POPULATION" At no time was I given "WRITTEN NOTICE" of any hearing or assignment consideration. Warden Gibsons statement "I know who you ARE etc." settled the matter I was not allowed to "make any relevant statement" or "present related documentary evidence" Because my due process protections were not afforded to me and because of the Super Max conditions demand such. This assignment is illegal._

_Alvin Jackson_ # _90163_                    _June 14th, 2022_
Inmate Signature                                    Date

_If you are harmed, threatened because of your use of the grievance process, report it immediately to the Warden or designee._

**THIS SECTION TO BE FILLED OUT BY STAFF ONLY**

This form was received on _____ (date), and determined to be **Step One** and/or an Emergency Grievance _____ (Yes or No). This form was forwarded to medical or mental health? _____ (Yes or No). If yes, name of the person in that department receiving this form: _____ Date _____

_Nen_ _____ _9/6/80_ _____ _Kee?_ _____ _6.21.22_
PRINT STAFF NAME (PROBLEM SOLVER)    ID Number    Staff Signature    Date Received

Describe action taken to resolve complaint, including dates: _Per Classification, Inmate is currently correctly assigned._

RECEIVED

Staff Signature & Date Returned _Kennen 6/22_      Inmate Signature & Date Received _Alvin Jackson_ # _90163_ _6/29/22_

This form was received on _____ (date), pursuant to **Step Two**. Is it an Emergency? _____ (Yes or No).
Staff Who Received Step Two Grievance: _____ Date: _____

JUL _____ 2022    AUG 0 8 2022

Action Taken: _____ (Forwarded to Grievance Officer/Warden/Other) Date: _____

If forwarded, provide name of person receiving this form: _____ Date: _____

VARNER UNIT GRIEVANCE

INMATE GRIEVANCES SUPERVISOR

**DISTRIBUTION: YELLOW & PINK** - Inmate Receipts; **BLUE** - Grievance Officer; **ORIGINAL** - Given back to Inmate after Completion of Step One and Step Two.

ADCF-15

IC~T410
3GS

Attachment III

INMATE NAME: Jackson/X, Alvin/Rahman      ADC #: 090163C      GRIEVANCE #: VSM22-01357

### WARDEN/CENTER SUPERVISOR'S DECISION

In your grievance you stated, "On June 6th I was realsed from death row and the following people: Dexter Payne; Dale Reed; James Gibson; Brandon Carroll; Fiona Washington; Joseph Mahoney; and any and all John or Jane Doe employees that had anything to do with the assignment process, All illegally assigned me to long term restricted housing without following the due process protection or promised to me by both the United States Supreme Court in Wilkinson Y Austin; 125 S.Ct.2384, The US constitution and Ark. Dept of Corr. AD 2021-15 "Restrictive Housing". On June 8th Major Mahoney stopped by my cell door 3-17 (with Fiona Washington and a couple of employees) and Mahoney stated "I'm gonna assign me" then on June 14th in a sham proceeding that lasted approx. 5 seconds I was taken in front of Warden Gibson who simply stated " I know who you are, you're not going to population" At no time was I given " written notice" of any hearing or assignment consideration. Warden Gibson statement "I know who you are etc" settled the matter. I was not allowed to "make any relevant statement" or "present related documentary evidence". Because my due process protections were not afforded to me and because of the Super Max conditions demand such. This assignment is illegal."

Records indicate you were notified on 6-8-22 that you would be seen at Warden's Review on 6-14-22 and you did see me on 6-14-22. You are appropriately assigned to Restrictive Housing according to your current precautions. Therefore, I find this issue without merit.

_____      RECEIVED

Signature of Warden/Supervisor or Designee      AUG 0 8 2022      Title _____      Date 7/21/22

**INMATE'S APPEAL**      INMATE GRIEVANCES SUPERVISOR ADMINISTRATION BUILDING

If you are not satisfied with this response, you may appeal this decision within five working days by filling in the information requested below and mailing it to the appropriate Chief Deputy/Deputy/Assistant Director along with the Unit Level Grievance Form. Keep in mind that you are appealing the decision to the original grievance. Do not list additional issues, which are not part of your original grievance as they will not be addressed. Your appeal statement is limited to what you write in the space provided below.

WHY DO YOU DISAGREE WITH THE ABOVE RESPONSE? The statement that I was notified on 6-8-22 that I would be seen at Wardens review on 6-14-22 is False As is stated in my grievance the only interaction I had with staff on 6-8-22 was when Mrs. Washington asked how I was doing and Major Mahoney stated "I'm gonna assign him" and then they walked away from my cell door. Per AD 2021-15 and the U.S. Supreme Court I was to recieve "WRITTEN NOTIFICATION atleast 24 hrs. prior to my hearing" This never occured. As to the 6-14-22 Issue my complaint is that I was not afforded a Constitutionally sound hearing. As a matter of fact it was a "SHAM" The decision to assign was made as soon as I stated my name and Warden Gibson said "I KNOW WHO YOU ARE, YOU NOT GOING TO POPULATION"

Alvin Jackson # 90163
Inmate Signature    X

ADC#: 090163

Date 7/30/2. .

X 7-30-22

If appealing, please submit both the Unit Level Grievance Form (Attachment I) and the Warden's Decision (Attachment III)

IGTT430
3GD

Attachment VI

INMATE NAME: Jackson/X, Alvin/Rahman        ADC #: 090163        GRIEVANCE#:VSM22-01357

## CHIEF DEPUTY/DEPUTY/ASSISTANT DIRECTOR'S DECISION

In your grievance dated 7/14/2022, you stated, "On June 6th I was realsed from death row and the following people: Dexter Payne; Dale Reed; James Gibson; Brandon Carroll; Fiona Washington; Joseph Mahoney; and any and all John or Jane Doe employees that had anything to do with the assignment process, All illegally assigned me to long term restricted housing without following the due process protection or promised to me by both the United States Supreme Court in Wilkinson Y Austin; 125 S.Ct.2384, The US constitution and Ark. Dept of Corr. AD 2021-15 "Restrictive Housing". On June 8th Major Mahoney stopped by my cell door 3-17 (with Fiona Washington and a couple of employees) and Mahoney stated "I'm gonna assign him" then on June 14th in a sham proceeding that lasted approx. 5 seconds I was taken in front of Warden Gibson who simply stated " I know who you are, you're not going to population" At no time was I given " written notice" of any hearing or assignment consideration. Warden Gibson statement "I know who you are etc" settled the matter. I was not allowed to "make any relevant statement" or "present related documentary evidence". Because my due process protections were not afforded to me and because of the Super Max conditions demand such. This assignment is illegal."

On 7/28/2022, the warden responded, "Records indicate you were notified on 6-8-22 that you would be seen at Warden's Review on 6-14-22 and you did see me on 6-14-22. You are appropriately assigned to Restrictive Housing according to your current precautions. Therefore, I find this issue without merit."

Your appeal was received on 8/8/2022. After a review of your appeal and supporting documentation, I concur with the Warden's decision, I find no violation of policy and procedure regarding this matter.

Therefore, the merit of your appeal will not be addressed.

_____        8-24-22
Director                        Date

Please be advised that if you appeal this decision to the U.S. District Court, a copy of this Chief Deputy/Deputy/Assistant Director's Decision must be attached to any petition or complaint or the Court may dismiss your case without notice. You may also be subject to paying filing fees pursuant to the Prison Litigation Act of 1995.

27

*Class*

# UNIT LEVEL GRIEVANCE FORM (Attachment I)

Unit/Center _____ VSM

Name __Alvin Jackson__

FOR OFFICE USE ONLY

GRV # VSM 22-01358

Date Received: 7-11-22

GRV. Code #: 203

ADC# __90163__  Brks # __317__  Job Assignment __JDH__

__6/23/22__ (Date) STEP ONE: Informal Resolution

__7/6/22__ (Date) STEP TWO: Formal Grievance (All complaints/concerns should first be handled informally.)
If the issue was not resolved during Step One, state why: __I was denied due Process__
__as the Proceeding was a "sham" therefore my classification is Illegal.__

_____, (Date) EMERGENCY GRIEVANCE (An emergency situation is one in which you may be subject to a substantial risk of physical harm: emergency grievances are not for ordinary problems that are not of serious nature). If you marked yes, give this completed form to the designated problem-solving staff, who will sign the attached emergency receipt. In an Emergency, state why: _____

*Is this Grievance concerning Medical or Mental Health Services?* __N/A__ *If yes, circle one: medical or mental*
**BRIEFLY** state your one complaint/concern and be specific as to the complaint, __date__, place, name of personnel involved and how __you__ were affected. (Please Print): On June 14th 2022 I recieved a "sham Proceeding" that resulted in assignment to long term restrictive housing in the Varner supermax, in violation of my DUE PROCESS.
To be clear on June 14th I was taken from my cell, in front of Warden Gibson, Warden Carroll, Major Mahoney, Fioana Washington and two or three jane doe employees for approx five seconds and as soon as I stated my name Warden Gibson stated "I KNOW WHO YOU ARE, YOU ARENT GOING TO POPULATION" and I was dismissed.
This was not a meaningful review; I was not afforded an opportunity to speak and the decision to assign me was made prior to the hearing which proves this 5 second proceeding was a "SHAM" and therefore violates my DUE PROCESS protections as promised to me by the 14th Amendment of the U.S. constitution.

RECEIVED

__Alvin Jackson__ #90163                AUG 08 2022  6/23/22

INMATE GRIEVANCES

Inmate Signature                                      Date
*If you are harmed,threatened because of your use of the grievance process, report it immediately to the Warden or designee.*

## THIS SECTION TO BE FILLED OUT BY STAFF ONLY

This form was received on _____ (date), and determined to be **Step One** and/or an Emergency Grievance
_____ (Yes or No). This form was forwarded to medical or mental health? _____ (Yes or No). If yes, name of the person in that department receiving this form: _____ Date _____

PRINT STAFF NAME (PROBLEM SOLVER)  __Kerry__   ID Number __4670__  Staff Signature __Kerry__  Date Received __6.29.22__
Describe action taken to resolve complaint, including dates: __Per classification inmate is currently correctly assigned.__

__Alvin Jackson__ #90163

Staff Signature & Date Returned __Kennedy__    Inmate Signature & Date Received __7/6/22__
This form was received on _____ (date), pursuant to **Step Two**. Is it an Emergency? _____ (Yes or No).
Staff Who Received Step Two Grievance: _____ Date: _____
Action Taken: __Jul 11 2022__ _____ (Forwarded to Grievance Officer/Warden/Other) Date: _____
If forwarded, provide name of person receiving this form: _____ Date: _____

**DISTRIBUTION: YELLOW & PINK** - Inmate Receipts; **BLUE** - Grievance Officer; **ORIGINAL** - Given back to Inmate after Completion of Step One and Step Two.

28

IGTT410
3GS                                                                                                              Attachment III

INMATE NAME:  Jackson/X, Alvin/Rahman          ADC #:  090163C          GRIEVANCE #:  VSM22-01358

## WARDEN/CENTER SUPERVISOR'S DECISION

In your grievance you stated, "On June 14th 2022 I received a "sham proceeding" that resulted in assignment to long
term restrictive housing in the Varner Supermax, in violation of my DUE PROCESS. To be clear on June 14th I was taken
from my cell in front of Warden Gibson, Warden Carroll. Major Mahoney, Fioana Washington and two of three jane doe
employees for approx. five seconds and as soon as I stated my name Warden Gibson stated "I KNOW WHO YOU ARE,
YOU AREN'T GOING TO POPULATION" and I was dismissed.
This was not a meaningful review, I was not afforded an opportunity to speak and the decision to assign me was made
prior to the hearing which proves this 5 second proceeding was a "SHAM" and therefore violates my DUE PROCESS
protections as promised to me by the 14th amendment of the U.S. Constitution."

On 6-14-22 you were seen by the Classification Committee consisting of the myself, Classification and staff from
Security, Mental Health, and the Infirmary. AD 21-15 states inmates are placed in Restrictive Housing when they pose a
direct threat to the safety of personnel or the safe and secure operation of the facility. Due to your recurring threatening
behavior, you were appropriately assigned to Restrictive Housing by the Committee. Therefore, I find this issue without
merit.

Signature of Warden/Supervisor or Designee          RECEIVED          Title          Date

                                                                      AUG 0 8 2022

### INMATE'S APPEAL

INMATE GRIEVANCES SUPERVISOR
ADMINISTRATION BUILDING

If you are not satisfied with this response, you may appeal this decision within five working days by filling in the information
requested below and mailing it to the appropriate Chief Deputy/Deputy/Assistant Director along with the Unit Level
Grievance Form. Keep in mind that you are appealing the decision to the original grievance. Do not list additional issues,
which are not part of your original grievance as they will not be addressed. Your appeal statement is limited to what you
write in the space provided below.

WHY DO YOU DISAGREE WITH THE ABOVE RESPONSE? Warden Gibson did not address my complaint
of a "SHAM PROCEEDING", he simply stated "On 6-14-22 you were seen by
the classification committee ....etc." I never denied being seen, my complaint is
that per AD 2021-15 I would be given an opportunity to "MAKE ANY RELEVANT
STATEMENT" and or "PRESENT RELATED DOCUMENTARY EVIDENCE", neither of
which was I allowed to do. The only words I was allowed to state were my name
and ADC #, at which time Warden Gibson cut me and stated "I KNOW WHO YOU
ARE, YOU'RE NOT GOING TO POPULATION" and that was the end of the hearing. I
was immediately escorted back to my cell. To reiterate my grievance this was
a "SHAM PROCEEDING" that failed to satisfy my due process protections.

Alvin Jackson # 90163                                              ADC#:
Inmate Signature                                                   090163
              X                                                    Date
If appealing, please submit both the Unit Level Grievance Form (Attachment I)          X 7-30-22
and the Warden's Decision (Attachment III)

29

IGTT430
3GD

Attachment VI

INMATE NAME: Jackson/X, Alvin/Rahman      ADC #: 090163      GRIEVANCE#:VSM22-01358

## CHIEF DEPUTY/DEPUTY/ASSISTANT DIRECTOR'S DECISION

In your grievance dated 6/23/2022, you stated, "On June 14th 2022 I received a "sham proceeding" that resulted in assignment to long term restrictive housing in the Varner Supermax, in violation of my DUE PROCESS. To be clear on June 14th I was taken from my cell in front of Warden Gibson, Warden Carroll Major Mahoney, Fioana Washington and two of three jane doe employees for approx. five seconds and as soon as I stated my name Warden Gibson stated "I KNOW WHO YOU ARE, YOU AREN'T GOING TO POPULATION" and I was dismissed. This was not a meaningful review, I was not afforded an opportunity to speak and the decision to assign me was made prior to the hearing which proves this 5 second proceeding was a "SHAM" and therefore violates my DUE PROCESS protections as promised to me by the 14th amendment of the U.S. Constitution."

On 7/28/2022, the warden responded, "On 6-14-22 you were seen by the Classification Committee consisting of the myself, Classification and staff from Security, Mental Health, and the Infirmary. AD 21-15 states inmates are placed in Restrictive Housing when they pose a direct threat to the safety of personnel or the safe and secure operation of the facility. Due to your recurring threatening behavior, you were appropriately assigned to Restrictive Housing by the Committee. Therefore, I find this issue without merit."

Your appeal was received on 8/8/2022. After a review of your appeal and supporting documentation, I concur with the Warden's decision. I find no violation of policy and procedure regarding this matter.

Appeal Denied.

Director

Date  8.23.22

Please be advised that if you appeal this decision to the U.S. District Court, a copy of this Chief Deputy/Deputy/Assistant Director's Decision must be attached to any petition or complaint or the Court may dismiss your case without notice. You may also be subject to paying filing fees pursuant to the Prison Litigation Act of 1995.

30

# UNIT LEVEL GRIEVANCE FORM (Attachment I)

Unit/Center _____ VSM

FOR OFFICE USE ONLY

GRV. # SM22-01360

Date Received: 7-11-22

GRV. Code #: 200

Name __Alvin Jackson__

ADC# __90163__  Brks # __317__  Job Assignment __PH__

6/23/22 (Date) STEP ONE: Informal Resolution

7/6/22 (Date) STEP TWO: Formal Grievance (All complaints/concerns should first be handled informally.)
If the issue was not resolved during Step One, state why: _Classifications failure to respond has led me to filing step 2._

_____ , (Date) EMERGENCY GRIEVANCE (An emergency situation is one in which you may be subject to a substantial risk of physical harm: emergency grievances are not for ordinary problems that are not of serious nature. If you marked yes, give this completed form to the designated problem-solving staff, who will sign the attached emergency receipt. In an Emergency, state why: _____ N/A _____

Is this Grievance concerning Medical or Mental Health Services? _N/A_ If yes, circle one: medical or mental
**BRIEFLY** state your one complaint/concern and be specific as to the complaint, **date**, place, name of personnel involved and how **you** were affected. (Please Print): On June 14th I was taken in front of Warden Gibson, Major Mahoney, Warden Carroll, Fiona Washington and two or three jane doe adc employees for a classification/assignment hearing in which I ended up getting assigned to long term restrictive housing at the Varner Super Max facility but I never recieved any prior notification of such hearing. I had no opportunity to prepare my statement nor gather evidence.

The Supreme Court of the United States ruled in Wilkinson v Austin 125 S.Ct 2384 that when an inmate was being assigned to a super max facility he must be afforded DUE PROCESS protection that include prior notice of the hearing.

As I was never given prior notice of my hearing my DUE PROCESS RIGHTS as gurenteed by the 14th Amendment of the U.S. Constitution have been violated.

__Alvin Jackson__ #90163 _____ 6/23/22

Inmate Signature _____ Date _____

_If you are harmed, threatened because of your use of the grievance process, report it immediately to the Warden or designee._

## THIS SECTION TO BE FILLED OUT BY STAFF ONLY

This form was received on _____ (date), and determined to be **Step One** and/or an Emergency Grievance _____ (Yes or No). This form was forwarded to medical or mental health? _____ (Yes or No). If yes, name of the person in that department receiving this form: _____ Date _____

PRINT STAFF NAME (PROBLEM SOLVER) __Ken__ ID Number __6/6/00__ Staff Signature __Ken__ Date Received __6/29/22__

Describe action taken to resolve complaint, including dates: _Your complaint was forwarded to classification as of date, she failed to provide me with a response._

__Alvin Jackson__ #90163

Staff Signature & Date Returned _____ Inmate Signature & Date Received 7/6/22

This form was received on _____ (date), pursuant to **Step Two**. Is it an Emergency? _____ (Yes or No).
Staff Who Received Step Two Grievance: _____ Date: _____

Action Taken: _____ (Forwarded to Grievance Officer/Warden/Other) Date: _____

If forwarded, provide name of person receiving this form: _____ Date: _____

**DISTRIBUTION: YELLOW & PINK** - Inmate Receipts; **BLUE** - Grievance Officer; **ORIGINAL** - Given back to Inmate after Completion of Step One and Step Two.

ADCF-15   www.aclacatalog.com

31

IGTT410
3GS

Attachment III

INMATE NAME:  Jackson/X, Alvin/Rahman          ADC #:  090163C          GRIEVANCE #:  VSM22-01360

### WARDEN/CENTER SUPERVISOR'S DECISION

In your grievance you stated, "On June 14h I was taken in front of Warden Gibson, Major Mahoney, Warden Carroll, Flora Washington and two or three jane doe adc employees for a classification/assignment hearing in which I ended yup getting assigned to long term restrictive housing at the Varner Super Max facility, but I never received any prior notification of such hearing. I had no opportunity to prepare my statement nor gather evidence.
The Supreme Court of the United States ruled in Wilkinson V Austin 1255. CT2384 that when an inmate was being assigned to a super max facility he must be afforded DUE PROCESS protection that includes prior notice of the hearing. As I was never given prior notice of my hearing my DUE PROCESS RIGHTS as guaranteed by the 14th amendment of the U.S. Constitution have been violated."

This issue was addressed in VSM 22-01357 and found to be without merit. Therefore, I find this issue without merit.

_____          _____          _____
Signature of Warden/Supervisor or Designee          Title          Date

RECEIVED

**INMATE'S APPEAL**                    AUG 0 8 2022

INMATE GRIEVANCES SUPERVISOR

If you are not satisfied with this response, you may appeal this decision within five working days by filling in the information requested below and mailing it to the appropriate Chief Deputy/Deputy/Assistant Director along with the Unit Level Grievance Form. Keep in mind that you are appealing the decision to the original grievance. Do not list additional issues, which are not part of your original grievance as they will not be addressed. Your appeal statement is limited to what you write in the space provided below.

WHY DO YOU DISAGREE WITH THE ABOVE RESPONSE? The response to VSM 22-01357 Stated " Records Indicate you were notified on 6-8-22 that you would be seen at Wardens review on 6-14-22 . . . ." which on its Face is false! Regardless of what records indicate I never recieved "written notice" of an up coming hearing which is what both the AD 2021-15 and the U.S Supreme Court (in the wilkinson case) demand that I recieve at least 24 hrs prior to a hearing in order to satisfy the DUE PROCESS protections I am to be Afforded, because I was never given any such notification my assignment was done so in violation of DUE PROCESS and therefore Illegal  Alvin Jackson # 90163

ADC#: 090163          7/30/22  Date

_____          X   7-30-22
Inmate Signature

If appealing, please submit both the Unit Level Grievance Form (Attachment I)
and the Warden's Decision (Attachment III)

32

IGTT430
3GD

Attachment VI

INMATE NAME: Jackson/X, Alvin/Rahman      ADC #: 090163      GRIEVANCE#:VSM22-01360

## CHIEF DEPUTY/DEPUTY/ASSISTANT DIRECTOR'S DECISION

In your grievance dated 6/23/2022, you stated, "On June 14h I was taken in front of Warden Gibson, Major Mahoney, Warden Carroll, Flora Washington and two or three jane doe adc employees for a classification/assignment hearing in which I ended yup getting assigned to long term restrictive housing at the Varner Super Max facility, but I never received any prior notification of such hearing. I had no opportunity to prepare my statement nor gather evidence. The Supreme Court of the United States ruled in Wilkinson V Austin 1255. CT2384 that when an inmate was being assigned to a super max facility he must be afforded DUE PROCESS protection that includes prior notice of the hearing. As I was never given prior notice of my hearing my DUE PROCESS RIGHTS as guaranteed by the 14th amendment of the U.S. Constitution have been violated."


On 7/28/2022, the warden responded,"This issue was addressed in VSM 22-01357 and found to be without merit. Therefore, I find this issue without merit."


Your appeal was received on 8/8/2022. After a review of your appeal and supporting documentation, I concur with the Warden's decision this matter was addressed in grievance #VSM22-01357, and will not be addressed again at this level, per AD 19-34, your administrative remedies of your complaint is considered exhausted.


Therefore, the merits of your appeal will not be addressed.

_____
Director

8-24-22
_____
Date

Please be advised that if you appeal this decision to the U.S. District Court, a copy of this Chief Deputy/Deputy/Assistant Director's Decision must be attached to any petition or complaint or the Court may dismiss your case without notice. You may also be subject to paying filing fees pursuant to the Prison Litigation Act of 1995.

33

W/C

**UNIT LEVEL GRIEVANCE FORM** (Attachment I)

RECEIVED
AUG
VSM TREATMENT OFFICE

Unit/Center __VSMU__

Name __Alvin Jackson__

ADC# __90163__   Brks # __317__   Job Assignment __PPH__

| FOR OFFICE USE ONLY | |
|---|---|
| GRV. # VSM22-01594 | |
| Date Received: 8-16-22 | 3/A |
| GRV. Code #: 203 | |

__8/4/22__ (Date) STEP ONE: Informal Resolution

__8/15/22__ (Date) STEP TWO: Formal Grievance (All complaints/concerns should first be handled informally)
If the issue was not resolved during Step One, state why: This grievance issue has not been addressed before I'm grieving failure to give me
_____, (Date) EMERGENCY Grievance: An emergency situation is one in which you may be subject to a substantial risk of physical harm: emergency grievances are not for ordinary problems that are not of serious nature. If you marked yes, give this completed form to the designated problem-solving staff, who will sign the attached emergency receipt. In an Emergency, state why: _____ N/A _____

*Is this Grievance concerning Medical or Mental Health Services?* __N/A__ *If yes, circle one: medical or mental*
**BRIEFLY** state your one complaint/concern and be specific as to the complaint, date, place, name of personnel involved and how you were affected. (Please Print): As of today Aug. 4th, 2022.
I have suffered a Due process violation as to my assignment To restrictive housing in the Varner Super Max facility.
The Supreme Court ruled in Wilkinson v. Austin 125 S.Ct 2384 that whenever an inmate was being assigned to a supermax facility he must be afforded certain Due process protections. One of those being written notification as to the findings of the hearing (i.e. reasons for assignment)
Because I was never given any type of hearing Results sheet, nor have I been notified as to why I've been assigned my Due process protections have not been afforded to me, and my assignment is illegal.
This grievance is against Warden Gibson, Carroll, major Mahoney Flona Washington, and any and all John/Jane doe employees involved in classification process.

__Alvin Jackson__  # 90163   RECEIVED   8-4-22
Inmate Signature        SEP 09 2022  Date

*If you are harmed/threatened because of your use of the grievance process, report it immediately to the Warden or designee.*

INMATE GRIEVANCE SUPERVISOR
ADMINISTRATION BUILDING

THIS SECTION TO BE FILLED OUT BY STAFF ONLY

This form was received on __8-9-22__ (date), and determined to be Step One and/or an Emergency Grievance _____ (Yes or No). This form was forwarded to medical or mental health? _____ (Yes or No). If yes, name of the person in that department receiving this form: _____ Date _____

__S Budnik__        __59424__        __S Budnik__        __8-9-22__
PRINT STAFF NAME (PROBLEM SOLVER)   ID Number   Staff Signature   Date Received
Describe action taken to resolve complaint, including dates: This issue was previously addressed in grievance # VSM22-01357

__S Budnik__ 8-11-22                    __Alvin Jackson__ 8/15/22 #90163
Staff Signature & Date Returned          Inmate Signature & Date Received

This form was received on __8-15-22__ (date), pursuant to **Step Two**. Is it an Emergency? _____ (Yes or No).
Staff Who Received Step Two Grievance: __S B Davis__   Date: __8-15-22__
Action Taken:  AUG 16 2022   (Forwarded to Grievance Officer/Warden/Other) Date: _____
If forwarded, provide name of person receiving this form: _____ Date: _____

VARNER UNIT GRIEVANCE
**DISTRIBUTION: YELLOW & PINK** - Inmate Receipts; **BLUE** - Grievance Officer; **ORIGINAL** - Given back to Inmate after Completion of Step One and Step Two.

34

ADCF-15   www.aclatalog.com

IGTT410                                               Attachment III
3GS

INMATE NAME: Jackson/X, Alvin/Rahman       ADC #: 090163C       GRIEVANCE #: VSM22-01592

### WARDEN/CENTER SUPERVISOR'S DECISION

In your grievance you stated, "As of today Aug. 4th 2022. I have suffered a due process violation as to my assignment to restrictive housing in the Varner Super Max facility.
The Supreme Court ruled in Wilkinson V. Austin 125 S. Ct. 2384 that whenever an inmate was being assigned to a supermax facility he must be afforded Certain due process protection one of those being written notification as to the findings of the hearing (i.e. reasons for assignment)
Because I was never given any type of hearing result sheet, nor have I been notified as for why I've been assigned my due process protections have not been afforded to me and my assignment is illegal.
This grievance is against Warden Gibson, Carroll, Major Mahoney Flora Washington, and any and all john/jane doe employees involved in Classification process."

This issue was addressed in grievance VSM22-01357 and found to be without merit. You are correctly assigned according to your current precautions. Therefore, I find this issue without merit.

_____       _____       8/25/22
Signature of Warden/Supervisor or Designee                     Title                                 Date

**INMATE'S APPEAL**

If you are not satisfied with this response, you may appeal this decision within five working days by filling in the information requested below and mailing it to the appropriate Chief Deputy/Deputy/Assistant Director along with the Unit Level Grievance Form. Keep in mind that you are appealing the decision to the original grievance. Do not list additional issues, which are not part of your original grievance as they will not be addressed. Your appeal statement is limited to what you write in the space provided below.

WHY DO YOU DISAGREE WITH THE ABOVE RESPONSE? Because the Wardens statement is false. This Issue has never been addressed before and him stating such actually high lights Incompetence and how little the grievance policy actually matters. VSM22-01357 Concerns me not receiving notification prior to my hearing the current grievance concerns me not receiving a Result sheet after my hearing. This is two completly Seperate Issues and I'd ask that staff do more than glance at my complaints before Improperly dismissing them.
#090163

_____       ADC#: 090163       8/2.6/22.
Inmate Signature                                                          Date

If appealing, please submit both the Unit Level Grievance Form (Attachment I) and the Warden's Decision (Attachment III)

RECEIVED

SEP 0 9 2022

INMATE GRIEVANCES SUPERVISOR
ADMINISTRATION BUILDING

35

IGTT430
3GD

Attachment VI

INMATE NAME: Jackson/X, Alvin/Rahman     ADC #: 090163     GRIEVANCE#:VSM22-01592

**CHIEF DEPUTY/DEPUTY/ASSISTANT DIRECTOR'S DECISION**

In your grievance you stated, "As of today Aug. 4th 2022. I have suffered a due process violation as to my assignment to restrictive housing in the Varner Super Max facility.
The Supreme Court ruled in Wilkinson V. Austin 125 S. Ct. 2384 that whenever an inmate was being assigned to a supermax facility he must be afforded Certain due process protection one of those being written notification as to the findings of the hearing (i.e. reasons for assignment) Because I was never given any type of hearing result sheet, nor have I been notified as for why I've been assigned my due process protections have not been afforded to me and my assignment is illegal. This grievance is against Warden Gibson, Carroll, Major Mahoney Flora Washington, and any and all john/jane doe employees involved in Classification process."

On 9/9/2022, the warden responded, "This issue was addressed in grievance VSM22-01357 and found to be without merit. You are correctly assigned according to your current precautions. Therefore, I find this issue without merit."

Your appeal was received on 9/9/2022. After a review of your appeal and supporting documentation, I concur with the Warden's decision this matter has already been previously addressed, the written decision of an appeal is the end of the grievance process for that particular grievance #VSM22-01357, stands as is.

Therefore, I will not address the merit of your appeal.

_____     _10 - 4 -22_____
Director                                                     Date

Please be advised that if you appeal this decision to the U.S. District Court, a copy of this Chief Deputy/Deputy/Assistant Director's Decision must be attached to any petition or complaint or the Court may dismiss your case without notice. You may also be subject to paying filing fees pursuant to the Prison Litigation Act of 1995.

**UNIT LEVEL GRIEVANCE FORM** (Attachme. 1)

Unit/Center VSM

Name Alvin Jackson

ADC# 90163     Brks # 317     Job Ass.   it MH

| FOR OFFICE USE ONLY |
|---|
| GRV. # VSM22-01618 |
| Date Received: 8·23·22 |
| GRV. Code #: |

8/15/22 (Date) STEP ONE: Informal Resolution

8/22/22 (Date) STEP TWO: Formal Grievance (All complaints/concerns should first be handled informally.)
If the issue was not resolved during Step One, state why: No one has made any
attempt to properly address my grievances this is retaliation

_____, (Date) EMERGENCY GRIEVANCE (An emergency situation is one in which you may be subject to
a substantial risk of physical harm: emergency grievances are not for ordinary problems that are not of serious
nature). If you marked yes, give this completed form to the designated problem-solving staff, who will sign the
attached emergency receipt. In an Emergency, state why: _____

Is this Grievance concerning Medical or Mental Health Services? N/A If yes, circle one: medical or mental
**BRIEFLY** state your one complaint/concern and be specific as to the complaint, **date**, place, name of personnel
involved and how **you** were affected. (Please Print):

I have been assigned to long term restrictive housing at
the VSM after spending 25½ years on death row. Due to my
death sentence having to do with the death of an ADC employee.
It is my belief that my assignment to long term restrictive housing
is retaliation by the current administration for something that
happened many years ago.
Due to the fact that none of my due process protections were
afforded (I've addressed that in seperate grievances) and my assignment
is unnecessary and unconstitutional I am left believing this is RETALIATION
I'm naming Warden Gibson and Carroll. Major Mahoney and classification
office Mrs. Washington and any other John/Jane Doe employees that have
had anything to do with this retaliation that is being addressed on
the date of this grievance.

Alvin Jackson   #90163          August 15th 2022
Inmate Signature                Date

*If you are harmed,threatened because of your use of the grievance process, report it immediately to the Warden or designee.*

**THIS SECTION TO BE FILLED OUT BY STAFF ONLY**
This form was received on 8-15-22 (date), and determined to be **Step One** and/or an Emergency Grievance
_____ (Yes or No). This form was forwarded to medical or mental health? _____ (Yes or No). If yes, name
of the person in that department receiving this form: _____ Date _____

SB Dixie         59424         SB Dixie              8-15-22
PRINT STAFF NAME (PROBLEM SOLVER)   ID Number   Staff Signature        Date Received
Describe action taken to resolve complaint, including **dates**: Per Ms Washington Inmate is not
being retaliated against Inmate Jackson is currently correctly
assigned to commensurate his current status         #90163

SB Dixie 8-17-22        RECEIVED   Alvin Jackson  8/22/22.
Staff Signature & Date Returned           Inmate Signature & Date Received

This form was received on _____ (date), pursuant to **Step Two**. Is it an Emergency? _____ (Yes or No).
Staff Who Received Step Two Grievance: _____ Date: _____
Action Taken: _____ (Forwarded to Grievance Officer/Warden/Other) Date: _____
If forwarded, provide name of person receiving this form: _____ Date: _____

**DISTRIBUTION: YELLOW & PINK -** Inmate Receipts; **BLUE -** Grievance Officer; **ORIGINAL -** Given back
to Inmate after Completion of Step One and Step Two.

37

ADCF-15

IGTT410
3GS

Attachment III

INMATE NAME: Jackson/X, Alvin/Rahman       ADC #: 090163C      GRIEVANCE #: VSM22-01618

## WARDEN/CENTER SUPERVISOR'S DECISION

In your grievance you stated, "I have been assigned to long term restrictive housing at the VSM after spending 25 years on death row. Due to my death sentence having to do with the death of an ADC employee it is my belief that my assignment to long term restrictive housing is retaliation by the current administration for something that happened many years ago.
Due to the fact that none of my due process protections were afforded (I've addressed that in separate grievances) and my assignment is unnecessary and unconstitutional I am left believing this is RETALIATION
I'm naming Warden Gibson and Carroll. Major Mahoney and classification office Mrs. Washington and any other John/Jane Doe employees that have had anything to do with this retaliation that is being addressed on the date of this grievance."

AD 2021-15 allows inmates to be assigned to Restrictive Housing when it is determined that an inmate poses a direct threat to the safe and secure operations of the facility. Records indicate you are assigned to Restrictive Housing due to your history of threatening staff. Because you are appropriately assigned to Restrictive Housing, I find this issue without merit.

_____       RECEIVED        _____       RECEIVED   8/25/22
Signature of Warden/Supervisor or Designee   Title                         Date

SEP 12 2022                                          SEP 12 2022

INMATE GRIEVANCES SUPERVISOR                INMATE GRIEVANCES SUPERVISOR
ADMINISTRATION BUILDING

**INMATE'S APPEAL**

If you are not satisfied with this response, you may appeal this decision within five working days by filling in the information requested below and mailing it to the appropriate Chief Deputy/Deputy/Assistant Director along with the Unit Level Grievance Form. Keep in mind that you are appealing the decision to the original grievance. Do not list additional issues, which are not part of your original grievance as they will not be addressed. Your appeal statement is limited to what you write in the space provided below.

WHY DO YOU DISAGREE WITH THE ABOVE RESPONSE?

your response fails to address my issue of retaliation or how I could end up assigned to restrictive housing without ANY of the due process protections being afforded to me, nor was AD 2021-15 followed. The AD clearly states that I would be given "WRITTEN NOTIFICATION" atleast 24 hrs. prior to a hearing A fair Hearing in which I would be given an opportunity to speak and present documentary evidence and a result sheet. NONE OF THESE THINGS HAPPENED.

# 90163

_____                ADC#: 090163    Date  8/26/22
Inmate Signature

RECEIVED

SEP 0 9 2022

INMATE GRIEVANCES SUPERVISOR
ADMINISTRATION BUILDING

If appealing, please submit both the Unit Level Grievance Form (Attachment I) and the Warden's Decision (Attachment III)

38

IGTT430
3GD

Attachment VI

INMATE NAME: Jackson/X, Alvin/Rahman      ADC #: 090163      GRIEVANCE#:VSM22-01618

## CHIEF DEPUTY/DEPUTY/ASSISTANT DIRECTOR'S DECISION

In your grievance dated 9/9/2022, you stated, "I have been assigned to long term restrictive housing at the VSM after spending 25 years on death row. Due to my death sentence having to do with the death of an ADC employee it is my belief that my assignment to long term restrictive housing is retaliation by the current administration for something that happened many years ago. Due to the fact that none of my due process protections were afforded (I've addressed that in separate grievances) and my assignment is unnecessary and unconstitutional I am left believing this is RETALIATION. I'm naming Warden Gibson and Carroll. Major Mahoney and classification office Mrs. Washington and any other John/Jane Doe employees that have had anything to do with this retaliation that is being addressed on the date of this grievance."

On 8/25/2022, the warden responded, "AD 2021-15 allows inmates to be assigned to Restrictive Housing when it is determined that an inmate poses a direct threat to the safe and secure operations of the facility. Records indicate you are assigned to Restrictive Housing due to your history of threatening staff. Because you are appropriately assigned to Restrictive Housing, I find this issue without merit."

Your appeal was received on 9/9/2022. After a review of your appeal and supporting documentation, I concur with the warden's decision, I find no evidence to support your allegation of retaliation. Therefore, I find no merit in your appeal.

Appeal Denied.

_____    _10-4-22_____
Director                                               Date

Please be advised that if you appeal this decision to the U.S. District Court, a copy of this Chief Deputy/Deputy/Assistant Director's Decision must be attached to any petition or complaint or the Court may dismiss your case without notice. You may also be subject to paying filing fees pursuant to the Prison Litigation Act of 1995.

39

Varner Super Max Unit
P.O. Box 600
Grady, Arkansas.

71644-0600



PRIORITY MAIL
★ ★ ★
TRACKED
INSURED
★
UNITED STATES POSTAL SERVICE®
For Domestic and International Use   Label 107R, May 2014

Clerk, United States District Cou[rt]
Eastern District of Arkansa[s]
600 West Capitol Avenue, Suite A[__]
Little Rock, Arkansas.

72201-332[_]

STATE ISSUE